IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUSS BROWN, | No. 4:19-CV-02001 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| ROBERT PACKER HOSPITAL, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

JANUARY 21, 2022

I.   BACKGROUND

In 2019 Russ Brown filed this complaint against Robert Packer Hospital, Douglas Trostle, M.D., and three other doctors (collectively "Defendants") alleging that Defendants were negligent in treating Brown following a laparoscopic cholecystectomy surgery in November 2017.[1] Defendants thereafter filed a motion to dismiss but, before briefing was complete on that motion, the parties reached a stipulation to amend Brown's complaint.[2]

In that stipulation, Brown agreed to strike with prejudice requests for attorneys' fees and allegations—contained in paragraphs 67(e) and 67(f)—that Defendants' acts constituted "negligence and/or recklessness at law" or that they "otherwise fail[ed] to use due care under the circumstances"; he further agreed to

---

[1] Doc. 1.
[2] Docs. 7, 9.

strike without prejudice all allegations of recklessness.[3] Brown also stipulated to the dismissal, without prejudice, of three of the individual defendants, leaving only Robert Packer Hospital and Trostle as defendants.[4] Defendants' motion to dismiss was thereafter denied as moot,[5] and Defendants filed an answer to the complaint.[6]

In June 2021,[7] Brown moved to file an amended complaint.[8] In his motion, Brown asserts that he should be permitted to amend his complaint to add claims against Guthrie Clinic Ltd. and Guthrie Medical Group, P.C. (collectively "Guthrie") for negligence and vicarious liability.[9] Brown contends that such amendment should be permitted because he did not know that Trostle was employed by Guthrie until Trostle was deposed in May 2021.[10]

Defendants argue that the motion should be denied for two reasons.[11] First, Defendants assert that any claims against Guthrie are now barred by the statute of limitations, and therefore should not be allowed to proceed.[12] Second, Defendants contend that any attempt to reinstate allegations of negligence, recklessness, or a request for attorneys' fees should be barred based on the stipulation to which the

---

[3] Doc. 9.
[4] Doc. 10.
[5] Doc. 15.
[6] Doc. 16.
[7] A case management Order was issued on June 2, 2020, which set a deadline of December 1, 2020 to file amended pleadings. Doc. 21.
[8] Doc. 53.
[9] Doc. 54.
[10] *Id.* at 2, 3.
[11] Doc. 55-3.
[12] *Id.* at 2-4.

parties agreed.[13] Brown has not filed a reply brief, rendering the matter ripe for disposition. For the following reasons, the motion will be denied.

## II. DISCUSSION

Federal Rule of Civil Procedure 15(a)(2) provides that when, as here, a responsive pleading has been served, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Courts "should freely give leave when justice so requires,"[14] and the United States Court of Appeals for the Third Circuit instructs that "motions to amend pleadings should be liberally granted."[15] The Third Circuit has repeatedly "held that, absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment."[16]

However, here Brown seeks to add to new parties to the complaint—more than three and one-half years after the events that form the basis of this suit. The statute of limitations for this action is two years,[17] meaning that claims against

---

[13] *Id.* at 4.
[14] Fed. R. Civ. P. 15(a)(2).
[15] *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).
[16] *Id.* (emphasis, brackets, and internal quotation marks omitted).
[17] 42 Pa. Stat. and Cons. Stat. Ann. § 5524(2). Because the matter is before this Court pursuant to diversity jurisdiction and raises a claim under state law, this Court must apply Pennsylvania law to statute of limitations issues. *Heraeus Med. GmbH v. Esschem, Inc.*, 927 F.3d 727, 733 (3d Cir. 2019).

Guthrie may proceed only if the proposed amendment may relate back to the date that the original complaint was filed. In such circumstances, "[a]lthough Rule 15(a) favors a liberal policy for the amendment of pleadings, if a litigant seeks to add a party after the statute of limitations on its claim has run, 'the essence of Rule 15(a) is not reached,' unless the Court finds that" the amendment may relate back to the original pleading.[18]

Federal Rule of Civil Procedure 15(c)(1) provides that an amendment may relate back to the date of the original pleading if:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.[19]

---

[18] *Wine v. EMSA Ltd. P'ship*, 167 F.R.D. 34, 36 (E.D. Pa. 1996) (quoting *Cruz v. City of Camden*, 898 F. Supp. 1100, 1115 (D.N.J. 1995)).

[19] Fed. R. Civ. P. 15(c)(1).

"Plaintiff bears the burden of showing that such amendment relates back under Rule 15(c)."[20] Should the plaintiff meet this burden, the burden then shifts to the defendants to demonstrate that amendment is nevertheless inappropriate.[21]

None of the provisions of Rule 15(c) are applicable here. First, Subsection A does not apply. The Supreme Court of Pennsylvania has held that, if the statute of limitations has run, "amendments will not be allowed which introduce a new cause of action or bring in a new party or change the capacity in which he is sued."[22] Accordingly, "[i]f the effect of the amendment is to correct the name under which the right party is sued, it will be allowed; if it is to bring in a new party, it will be refused."[23] Here, Brown seeks to add new defendants after the expiration of the statute of limitations, which is not permitted under Pennsylvania law—meaning that Subsection A is inapplicable.[24] Moreover, Subsection B does not aid Brown, as he seeks to add new parties, not a new "claim or defense."[25]

Finally, Subsection C may, contrary to Defendants' assertion, apply here, as Brown's proposed amendment "changes the party" by adding two new defendants.[26]

---

[20] *Fennell v. Tacu*, No. CV 20-1157, 2021 WL 2338737, at *4 (W.D. Pa. June 8, 2021). *See also Wine*, 167 F.R.D. at 38 ("The plaintiff carries the burden to prove both the notice and 'mistake' requirements").
[21] *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990).
[22] *Hoare v. Bell Tel. Co. of Pa.*, 500 A.2d 1112, 1113 (Pa. 1985).
[23] *Id.*
[24] *See Wine*, 167 F.R.D. at 37 (reaching same conclusion based on prior version of Rule 15).
[25] Fed. R. Civ. P. 15(c)(1)(B).
[26] *See Thomas v. Duvall*, No. 3:16-CV-00451, 2018 WL 3323463, at *16 (M.D. Pa. Jan. 29, 2018) (analyzing proposed amendment under Rule 15(c)(1)(C) when amendment sough to add additional, new defendants), *report and recommendation adopted in part, rejected in part*, No. 3:16-CV-00451, 2018 WL 2041683 (M.D. Pa. May 2, 2018).

5

However, for that Subsection to apply, within 90 days of the date that the original complaint was filed,[27] Guthrie must have received notice of this action, and must have known "or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."[28]

Brown has failed to sustain his burden in either respect.[29] Although it is clear that Guthrie had notice of this action, as its general counsel verified the discovery responses provided by Robert Packer Hospital, that verification was provided on November 25, 2020,[30] just over one year after Brown's complaint was filed, and nearly ten months after this Court approved amendments to the complaint by way of stipulation.[31] Therefore, while the evidence establishes that Guthrie knew of this action, it does not establish that Guthrie knew of the action within 90 days of its commencement.

Similarly, there is no evidence that Guthrie "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."[32] Nothing in the original complaint indicated that Brown was seeking to hold Trostle's employer vicariously liable for Trostle's conduct such

---

[27] *See* Fed. R. Civ. P. 15(c)(1)(C) (proposed new defendants must have knowledge within "the period provided by Rule 4(m)"); Fed. R. Civ. P. 4(m) (defendants must be served within "90 days after the complaint is filed").
[28] Fed. R. Civ. P. 15(c)(1)(C)(i), (ii).
[29] The claim against Guthrie arises from the same occurrence set out in the original complaint and, therefore, Rule 15(c)(1)(B) is satisfied.
[30] Doc. 54-3.
[31] *See* Doc. 13.
[32] Fed. R. Civ. P. 15(c)(1)(C)(ii).

that Guthrie would know Brown had misidentified, or failed to identify, it as Trostle's employer.[33] In the absence of any such evidence, the Court cannot conclude that Brown has sustained his burden of proof as to this element of Rule 15(c)(1)(C). Accordingly, no provision of Rule 15(c) permits allegations against Guthrie to relate back to the original complaint, and Brown's motion to amend to add Guthrie as a defendant will be denied without prejudice to his right to refile his motion should he be able to adequately establish the factors set forth in Federal Rule of Civil Procedure 15(c)(1)(C).

As to provisions of the amended complaint that seek to reinstate allegations of recklessness, requests for attorneys' fees, and paragraphs 67(e) and 67(f), those amendments will likewise be denied.[34] All requests for attorneys' fees, along with the averments made in paragraphs 67(e) and 67(f), were stricken with prejudice, meaning those allegations may no longer be brought in this action. Although allegations of recklessness were stricken without prejudice and may, as a legal matter, be reasserted, Brown has provided no reasoned basis to reassert such a claim in his amended complaint. Absent any explanation for realleging recklessness after having previously stipulated to the withdrawal of that allegation, the Court does not find that "justice . . . requires"[35] permitting Brown to amend his complaint to reassert

---

[33] *See* Doc. 1.
[34] It is not entirely clear if these amendments are intentional, or if Brown simply used the original complaint as a template, while forgetting that these portions of the original complaint were stricken.
[35] Fed. R. Civ. P. 15(a)(2).

that claim. Consequently, Brown's motion to amend will similarly be denied to the extent that he seeks to reinstated portions of the complaint that were stricken by way of stipulation.

## III.   CONCLUSION

For the foregoing reasons, the Court concludes that Brown has failed to demonstrate that justice requires that he be permitted to file an amended complaint. Accordingly, Brown's motion to file an amended complaint will be denied without prejudice.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge