IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUSS BROWN, | No. 4:19-CV-02001 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| ROBERT PACKER HOSPITAL and DOUGLAS TROSTLE, MD, | |
| Defendants. | |

**MEMORANDUM OPINION**

APRIL 18, 2022

 Certain disputes between competing litigants do not necessitate judicial resolution—at least, they shouldn't. But, alas, far too often lawyers come clambering into Court seeking redress for petty grievances and perceived injustices. Undoubtedly, the offender's conduct is "egregious" and "in bad faith," demonstrating "disrespect for the court" and always "irreparably prejudicing" the defendant. Hyperbole aside, these frustrations (although often genuine and understandable) rarely warrant judicial intervention. This is no exception.

 Here, Plaintiff Russ Brown asks the Court to exclude the report prepared by the Defendants' expert witness as a sanction for violating a Court-ordered discovery deadline. But the supposed deadline did not exist, and, even if it did, Brown has not been prejudiced in any meaningful way. Therefore, Brown's motion is denied.

I.      **BACKGROUND**

In November 2017, Brown went to Robert Packer Hospital for surgery to remove his gallbladder.[1] His primary surgeon was Defendant Douglas Trostle, MD.[2] Following the operation, Brown experienced severe abdominal pain and other medical complications, necessitating two additional surgeries—the first, performed by Dr. Trostle and his colleague Robert Fanelli, MD; the second, which allegedly addressed the underlying causes of Brown's post-operation issues, performed by a separate surgeon at the Hospital.[3]

Brown initiated this suit in November 2019, filing the one-count Complaint that alleges negligence by both Dr. Trostle and the Hospital.[4] This Court issued a Case Management Order on June 2, 2020, which followed the standard case management track.[5] Relevant here, this initial Case Management Order set deadlines for fact discovery (March 1, 2021) and dispositive motions (April 1, 2021), as well as the following deadlines for expert discovery:

- May 3, 2021 – Plaintiff's expert reports due

- June 3, 2021 – Defendant's expert reports due

---

[1]   Doc. 1 ¶ 12.
[2]   *Id*. ¶ 13.
[3]   *Id*. ¶¶ 22–63.
[4]   *Id*. ¶¶ 66–70. The Complaint initially alleged recklessness by Dr. Trostle and the Hospital as well as several other medical officials at the Hospital; however, the parties agreed by stipulation to strike the allegations for recklessness and remove the other individual defendants. Doc. 9; Doc. 10.
[5]   Doc. 21.

- June 17, 2021 – Supplemental and rebuttal expert reports due
- July 15, 2021 – Conclusion of expert discovery[6]

Discovery issues arose almost immediately. In August 2020, Brown filed a motion to compel the Defendants to respond to Brown's first requests for production.[7] Brown initially served these requests on March 22, 2020, but several months passed without a response.[8] Indeed, the parties corresponded and agreed to extend the production deadline, but as that later deadline came and went, the Defendants still had not responded.[9] In October 2020, the Court granted Brown's motion and ordered the Defendants to respond.[10]

But still, the discovery issues continued. In February 2021, the Defendants requested an extension of the case management deadlines.[11] The Court granted this extension over Brown's objection, setting the following new deadlines: (1) June 1, 2021 – discovery deadline; and (2) July 1, 2021 – dispositive motions deadline.[12] The Court also explained that "[a]ll expert report deadlines are CANCELLED and will be rescheduled, if necessary, upon resolution of any filed dispositive motion."[13]

---

[6]  *Id.* ¶¶ 3–7, 10.
[7]  Doc. 22.
[8]  Doc. 25 (Order Granting Brown's Motion to Compel) at 2–3 (citing Doc. 22, Ex. 4; Doc. 23 at 2).
[9]  *Id.*
[10] *Id.*
[11] Doc. 38.
[12] Doc. 40 ¶¶ 1–2; *see also* Doc. 39 (Brown's Opp. to Defendants' Mot. to Extend).
[13] *Id.* ¶ 3.

In 2021, the Court extended the case management deadlines two additional times. First, in April, following Brown's second motion to extend the deadlines (this time, unopposed), the Court delayed the discovery and dispositive motions deadlines an additional month—to July 31 and August 30, respectively.[14] And in September, the Court granted the parties' joint motion to extend the case management deadlines, delaying the conclusion of discovery until September 30, 2021, and dispositive motions until October 31, 2021.[15]

Despite this Court's considerable accommodations, the discovery challenges persisted. Although the Court had not reimposed any deadlines for expert discovery, the parties seemingly believed that the September 30, 2021, fact discovery deadline applied to expert witnesses as well.[16] In September 2021, Brown identified his medical expert, Dr. Fanelli, who sat for a deposition on September 24, 2021.[17] The Defendants asked for a "one-week extension" of the supposed deadline until October 1, 2021, to respond to Brown's expert discovery, and counsel for Brown responded, "For you, of course."[18] This October 1 "extension" passed, but the Defendants still had not identified their expert or produced the corresponding expert report. The Defendants requested an additional

---

[14] Doc. 51.
[15] Doc. 60.
[16] *See* Doc. 66, Ex. E (Sept. 23, 2021 R. Pugh & T. Kolman Emails) at 2 (Defendants requesting "a 1 week extension until 10/1/21 to respond to your expert discovery in light of the [expert] deposition happening tomorrow").
[17] Doc. 66 at 2.
[18] Doc. 66, Ex. E (Sept. 23, 2021 R. Pugh & T. Kolman Emails) at 1.

extension on October 2, 2021, to which Brown's counsel apparently did not respond.[19] Finally, on October 25, 2021, the Defendants produced their expert report.[20] Recognizing the delay in producing this report, Defense counsel informed his counterpart of his clients' willingness to grant Brown an "extension of time" to "depose [the] defense expert."[21]

On November 10, 2021, Brown filed a motion to strike the Defendants' expert report as untimely.[22] The parties have, in a fashion, fully briefed the motion, and, as such, it is now ripe for disposition.[23]

---

[19] Doc. 66, Ex. F (Oct. 2, 2021 R. Pugh Email).
[20] Doc. 66 at 2.
[21] Doc. 66, Ex. G (Nov. 17, 2021 R. Pugh Email).
[22] Doc. 61.
[23] It must be said: the parties thoroughly buggered up the briefing for this motion. Consistent with the Federal Rules of Civil Procedure, the Local Rules of this District detail the procedure for briefing motions before the Court: (1) "[w]ithin fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion"; (2) "[a]ny party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief"; (3) "[a] brief in reply to matters argued in a brief in opposition may be filed by the moving party within fourteen (14) days after service of the brief in opposition"; and (4) "[n]o further briefs may be filed without leave of court." United States District Court for the Middle District of Pennsylvania Rules of Court 7.5–7.7. Although the parties initially followed this standard procedure—Brown filed a brief in support of his motion to exclude the Defendants' expert report five days after filing the motion, Doc. 62, and the Defendants filed their brief in opposition four days after that, Doc. 66—things quickly went off the rails.

Instead of filing the customary brief in reply, Brown filed a "Motion in Support of His Sur Reply to Defendants' Response to Plaintiff's Motion to Strike Defendants' Expert Report." Doc. 68. This is confusing on several levels. First, there is no reason to present this filing as an independent motion—it is filed in support of an existing motion on the docket. Second, this is not, and cannot, be "in [s]upport of [Brown's] Sur Reply"—no reply had been filed and, in any event, given that Brown is the moving party, the sur-reply for this motion would be filed by the Defendants. Third, this filing contained no analysis or argumentation; instead, Brown merely attached an exhibit purportedly relevant to the motion while noting that he "relies on his Memorandum of Law in support [i.e., Doc. 62], which is incorporated herein as if set forth at length." Doc. 68.

5

## II.     ANALYSIS

Brown argues that the report prepared by the Defendant's expert witness should be excluded because (1) the Defendants' failed to identify this expert or produce his report before the September 30, 2021, deadline for fact discovery, and (2) this delay significantly—indeed, "irreparably"—prejudiced Brown because as "[d]iscovery is over," Brown "cannot now depose [the] Defendants' [e]xpert pursuant to Fed. R. Civ. P. 26(b)(4)(A)," and "[n]either can he produce a rebuttal to [the] [e]xpert [r]eport."[24] But Brown is misguided on both fronts.

First, the Defendants' production of the expert report was timely because, as the Defendants note, "[t]here is no expert report deadline in place."[25] As discussed, the initial Case Management Order set separate deadlines for fact discovery, dispositive motions, and expert discovery.[26] But in February 2021, the Court granted the Defendants' request to extend the case management deadlines and, in

---

Not to be outdone, the Defendants then filed two separate "Responses" to Brown's motion to strike. *See* Doc. 69 (Supplemental Response); Doc. 76 (Second Supplemental Response). These responses, which address legal arguments Brown made in his initial brief in support of the motion but that the Defendants failed to confront in their opposition, are properly understood as sur-replies. But, as noted in Local Rule 7.7, following the moving party's reply, "[n]o further briefs may be filed without leave of court." Here, the Defendants never sought leave of this Court to file their initial "response," to say nothing of the "supplemental response." That simply isn't done.

The Court suggests that counsel for both parties reacquaint themselves with the Federal Rules of Civil Procedure and the Local Rules of this District. Hopefully, after doing so, the parties can avoid making a dog's breakfast of future motions in this case.

[24]  Doc. 62 at 6–7.
[25]  Doc. 66 at 3.
[26]  *See* Doc. 21.

the Order announcing this ruling, provided new deadlines for only fact discovery and dispositive motions.[27] The Court explicitly refrained from setting new deadlines for expert discovery: "[a]ll expert report deadlines are CANCELLED and will be rescheduled, if necessary, upon resolution of any filed dispositive motion."[28] Although the Court further extended the deadlines for fact discovery and dispositive motions on two subsequent occasions, it never rescheduled expert report deadlines.[29] Accordingly, the September 30, 2021, discovery deadline applied only to *fact* discovery, and the Defendants' failure to produce expert witness materials by this date does not constitute a violation of this Court's discovery orders.

    Second, even if the Defendants' expert witness disclosure and production were untimely, striking the expert report would nevertheless be inappropriate because Brown has not established that he has been improperly and incurably prejudiced. Under Federal Rules of Civil Procedure 26 and 37, a party that fails to disclose an expert witness or expert report "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[30] In determining whether to

---

[27] Doc. 40 ¶¶ 1–2.
[28] *Id.* ¶ 3.
[29] *See* Doc. 51; Doc. 60.
[30] *See* Fed. R. Civ. P. 26(a)(2)(A) ("[A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705 [i.e., rules covering expert witnesses]."); Fed. R. Civ. P. 26(a)(2)(B) ("Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—

exclude evidence as an appropriate sanction for failure to comply with discovery duties under Rules 26 and 37, courts consider four factors:

> (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation.[31]

Applying this standard, the United States Court of Appeals for the Third Circuit has held that it is well within a district court's discretion to exclude an expert's testimony and report if the offering party failed to disclose the expert and produce the report prior to the district court's prescribed discovery deadline.[32] That said, exclusion of an expert's testimony and report based on an untimely disclosure is generally unwarranted if the prejudice to the opposing party is slight and curable—particularly in the absence of a firm, impending trial date.[33]

---

prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case."); Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

[31] *Nicholas v. Pennsylvania State University*, 227 F.3d 133, 148 (3d Cir. 2000).

[32] *See McCann v. Miller*, 502 F. App'x 163, 172 (3d Cir. 2012) (finding that district court did not abuse its discretion in barring plaintiffs' expert testimony when "plaintiffs did not notify [defendants] of their intent to call the . . . expert witnesses until shortly before trial").

[33] *See, e.g.*, *White v. Beaver County*, 2019 WL 5395212, at *2–3 (W.D. Pa. Oct. 22, 2019) (declining to strike plaintiff's expert report when "(1) the prejudice to the Defendant is slight; (2) any prejudice can be cured by a brief extension of the case-management schedule; (3) Plaintiff's untimely filing is unlikely to disrupt trial of the case because no trial date has yet been set; and (4) in the Court's estimation, the Plaintiff did not act in bad faith").

Here, any prejudice caused by the date the Defendants produced their expert's report is slight, easily curable, and unlikely to disrupt trial. As a preliminary matter, Brown cannot claim he was surprised to receive the expert report, as the Defendants informed him of their intention "to respond to [his] expert discovery" on September 23, 2021—seven days *before* the purported deadline.[34] Indeed, Brown's attorney agreed to grant the Defendants an extension to provide this response.[35]

Moreover, even if the September 30, 2021, discovery deadline applied to expert witness material (which, again, it does not), the Court could—and would—adjust the case management deadlines to mitigate any prejudice to Brown. Given the representations made by the Defendants' attorneys, the Court presumes the Defendants would not object.[36] And as this case has not been scheduled for trial, any such adjustment would not disrupt the orderly and efficient trial of the case.[37]

Because the Defendants' production of their expert's report did not violate any of this Court's orders or cause Brown incurable prejudice, the Court declines to strike the report.

---

[34] Doc. 66, Ex. E at 2 (Sept. 23, 2021 R. Pugh & T. Kolman Emails).
[35] *Id*. at 1.
[36] *See* Doc. 66, Ex. G (Nov. 17, 2021 R. Pugh Email) (telling Brown's attorney, "[i]f you wish to depose our defense expert, I will not object and will agree to any extension of time you need to do so").
[37] *See White*, 2019 WL 5395212, at *2 ("[T]he Court is hard-pressed to find a reason to strike the [Expert] Report if no trial date has yet been set.").

### III. CONCLUSION

The Court sympathizes with Brown: discovery in this case has dragged on for more than two years and, in the Court's estimation, the fault lies primarily with the Defendants. That said, striking an expert report is a draconian measure warranted only in extreme cases. And the circumstances here in no way justify such a drastic remedy. The Court therefore denies Brown's motion to strike the Defendants' expert report.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge
